UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 25-23577-CIV-MARTINEZ

DANIEL FERNANDO HENAO NINO,

    Petitioner,

v.

MIAMI FEDERAL DETENTION CENTER,

    Respondent.
_____/

# ORDER

**THIS CAUSE** comes before this Court on *pro se* Petitioner, Daniel Fernando Henao Niño's Petition for Writ of Habeas Corpus Under 28 U.S.C. [section] 2241 [ECF No. 1], presumably filed on Petitioner's behalf by Rosa Lorena Chavarro Pinzón. For the following reasons, the Court concludes it lacks jurisdiction over the Petition.

Under 28 U.S.C. section 2242, an application for a writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *Id.* A person signing a habeas petition on another's behalf must establish that she qualifies for "next friend" status. *See Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999) (citation omitted). Otherwise, the court lacks jurisdiction to consider the petition. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citation omitted).

A court cannot automatically grant "next friend" status. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Instead, the person seeking next friend status must (1) "show some relationship or other evidence that demonstrates the next friend is truly dedicated to the interests of the real party in interest"; and (2) explain why the person on whose behalf the petition is filed

cannot appear on his own behalf — due to inaccessibility, mental incompetence, or another disability. *Ford*, 195 F.3d at 624 (citation omitted); *see also Whitmore*, 495 U.S. at 163–64 (citations omitted). Ultimately, the burden is "on the 'next friend'" to clearly "establish . . . [her] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (alterations added; citation omitted).

While Pinzón signed the Petition "on behalf of" Petitioner — who did not sign it — Pinzón does not show she qualifies for next friend status. (Pet. 8; *see also generally id.*). Pinzón states she is Petitioner's wife, satisfying the requirement that she show a relationship or other evidence demonstrating she is dedicated to Petitioner's interests. (*See* Pet., Ex. 1, Aug. 1, 2025 Letter [ECF No. 1-1] 1); *see A.A. by Carroll v. Buckner*, No. 21cv367, 2021 WL 5042466, at *3 (M.D. Ala. Oct. 29, 2021) (citations omitted). Yet she does not explain why Petitioner cannot appear on his own behalf. (*See generally* Pet.).

Pinzón states that Petitioner, "as a detainee, faces severe restrictions in communicating, translating, and sending documents due to detention protocols; therefore, notification through his representative is necessary." (Reply [ECF No. 7] 3). She also asserts that Petitioner is "unable to" file documents on the docket (Mot. for Immediate Release . . . [ECF No. 9] 2); and "cannot receive, translate, or respond to [court filings] himself" because he is detained (Urgent Judicial Action Request [ECF No. 11] 3 (alteration added)).

These general statements fall short of what is required to show Petitioner *cannot* appear due to inaccessibility or a disability. *See, e.g.*, *Francis*, 246 F. App'x at 623 (holding that a petitioner's wife failed to establish next friend status when she merely asserted the petitioner was "unable to initiate the petition from prison[,]" without explaining why his incarceration prevented him from filing a petition on his own behalf (alteration added; citations omitted)). For instance,

Case Number: 25-23577-CIV-MARTINEZ

Pinzón does not allege that Petitioner *lacks* access to translators, forms, or other tools required for filing a petition; or that Pinzón cannot visit Petitioner and assist him in filing a petition on his own behalf. (*See generally* Pet.; Reply; Urgent Pet. . . . [ECF No. 8]; Mot. for Immediate Release; Voluntary Resp. and Pet. . . . [ECF No. 10]; Urgent Judicial Action Request); *see also Cooper v. Hancock State Prison*, No. 24-cv-0692, 2024 WL 5701437, at *1 (N.D. Ga. Apr. 26, 2024) (concluding that a prisoner's sister did not qualify as next friend where her assertion that the prisoner lacked "access to the outside" because he was in solitary confinement fell "far short of the showing required by precedent" (alteration added; collecting cases)).

Because Pinzón does not meet her burden of clearly showing that next friend status applies, the Court lacks jurisdiction to consider the Petition. *See Whitmore*, 495 U.S. at 164 (citation omitted); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (citations omitted)); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." (citations omitted)).

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Daniel Fernando Henao Niño, has until **December 18, 2025** to file an amended petition for writ of habeas corpus that either (1) he signs; or (2) Rosa Lorena Chavarro Pinzón signs on Petitioner's behalf, adequately explaining Pinzón's status as "next friend." Failure to file an adequate amended petition by that date may result in dismissal without prejudice.

Case Number: 25-23577-CIV-MARTINEZ

**DONE AND ORDERED** in Miami, Florida this 21st day of November, 2025.

*[signature: Cecilia M. Altonaga]*

CECILIA M. ALTONAGA
for JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Daniel Fernando Henao Niño, *pro se*