**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-23577-CIV-ALTONAGA**

**DANIEL FERNANDO HENAO NINO**,

      Petitioner,

v.

**MIAMI FEDERAL DETENTION CENTER WARDEN**,

      Respondent.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court on *pro se* Petitioner, Daniel Fernando Henao Nino's [Second] Amended Petition for Writ of Habeas Corpus under 28 U.S.C. section 2241 ("Second Amended Petition") [ECF No. 16], filed on his behalf by Rosa Lorena Chavarro Pinzón on December 16, 2025.  Pinzón writes for Petitioner, a native of Colombia, whom she alleges has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody despite the dismissal of his removal proceedings.  (*See id.*).

Since this action began, Pinzón, Petitioner's wife, has submitted all filings without Petitioner's signature appearing on the documents.  (*See, e.g.*, Pet. [ECF No. 1]; Voluntary Resp. to Show Cause [ECF No. 7]; Urgent Pet. [ECF No. 8]; Mot. for Immediate Release [ECF No. 9]; Voluntary Resp. and Pet. for Immediate Jud. Rev. [ECF No. 10]; Urgent Jud. Action Request [ECF No. 11]; Am. Pet. [ECF No. 14]; Second Am. Pet.).  Upon noting Petitioner's lack of involvement in this action, on November 21, 2025, the Court issued an Order directing Petitioner to file an amended petition by December 15, 2025, either signed by Petitioner or, if once more signed by Pinzón, including an explanation of Pinzón's qualifications as "next friend" of the Petitioner.  (*See*

Nov. 21, 2025 Order 1, 4 [ECF No. 12] (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999); other citations omitted)).[1]

As the Court explained in the November 21, 2025 Order, an application for a writ of habeas corpus must be "signed and verified by the person whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Court lacks jurisdiction over a petition signed by Pinzón unless she qualifies for "next friend" status, which requires her to show: (1) that she is dedicated to the interests of the real party in interest; and (2) why Petitioner cannot appear on his own behalf, such as because of inaccessibility, mental incompetence, or another disability. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citation omitted).

On December 1, 2025, Pinzón submitted an Amended Petition that merely repeated her allegation that "restrictions inherent in detention *limit[ed]* [Petitioner's] access to legal assistance, translation services, and necessary resources[.]" (Am. Pet. 1 (alterations and emphasis added); *see also* Voluntary Resp. and Pet. for Immediate Jud. Rev. 3). But as the Court explained in a second Order entered on December 8, 2025 [ECF No. 15], this conclusory explanation, without any information as to why Petitioner cannot prepare his own petition, is insufficient to qualify Pinzón for "next friend" status. (*See generally* Dec. 8, 2025 Order); *see also Francis*, 246 F. App'x at 623 (holding that a petitioner's wife failed to establish next friend status when she merely asserted the petitioner was "unable to initiate the petition from prison[,]" without explaining why his incarceration prevented him from filing a petition on his own behalf (alteration added; citations omitted)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Still, the Court gave Pinzón one additional opportunity to supply an explanation why the Court should grant her "next friend" status, warning that failure to file an adequate amended petition furnishing this information would result in dismissal without prejudice. (*See* Dec. 8, 2025 Order 3). In response, Pinzón submitted the present Second Amended Petition, which is deficient in all the same ways as the two petitions that preceded it.

In the Second Amended Petition, Pinzón explains that she should be granted "next friend" status because Petitioner "lacks meaningful access to legal resources, unrestricted communication, and the practical ability to independently prepare, sign, and file pleadings[.]" (Second Am. Pet. 1 (alteration added)). She states this is because his "detention substantially impairs his ability to litigate . . . on his own behalf." (*Id.* (alteration added)). Once again, Pinzón does not claim Petitioner is *without access* to resources or *lacks the actual ability* to participate in this action, nor does she explain why she cannot visit Petitioner to aid him in preparing and/or signing any filings. (*See generally id.*; *see also generally* Nov. 21, 2025 Order). In fact, Pinzón provides no facts to situationally distinguish Petitioner from the many people in custody who file suits on their own behalf in districts across the nation.

In short, despite two opportunities from the Court, Pinzón does not provide any facts to allow the Court to adjudicate her "next friend" status. "'Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court to consider the petition.'" *Francis*, 246 F. App'x at 622. Because Pinzón does not qualify as Petitioner's "next friend" under section 2242, the Second Amended Petition must be dismissed without prejudice for lack of standing. *See, e.g.*, *Wynn by Wynn v. United States*, No. 5:25-cv-00214, 2025 WL 1884779, at *2 (E.D. Ky., July 8, 2025).

CASE NO. 25-23577-CIV-ALTONAGA

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Daniel Fernando Henao Niño's Second

Amended Petition **[ECF No. 16]** is **DIMISSED without prejudice**.  The **CLERK** is directed to

**CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 18th day of December, 2025.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:
Daniel Fernando Henao Nino, *pro se*
A-245228900
Miami FDC
Inmate Mail/Parcels
Post Office Box 09120
Miami, FL 33101

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

4